# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY ROSS LENHART,<br>               Petitioner,<br><br>   vs.<br><br>GERALD L. ROZUM; DISTRICT ATTORNEY OF THE COUNTY OF SOMERSET, PA; ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>               Respondents. | ) ) ) ) ) Civil Action No. 10-218J<br>) Judge Kim R. Gibson/<br>) Magistrate Judge Maureen P. Kelly<br>) ) ) Re: ECF Nos. 21, 23 and 31<br>) ) |

## ORDER

Randy Ross Lenhart ("Petitioner") has filed three motions seeking, *inter alia,* a default judgment and/or sanctions to be imposed on one of the Respondents, namely, the Somerset District Attorney's Office. This order addresses those motions.

Petitioner's first motion was a Motion for Judgment on the Pleadings or in the Alternative a Motion for Plenary Hearing on the Merits. ECF No. 21. To the extent that the Motion is construed as one for Judgment on the Pleadings, it is hereby DENIED as improvidently filed, given that such a motion does not appear to be proper for proceedings under 28 U.S.C. § 2254. See, e.g., Porter v. Berguis, No. 1:07–CV–781, 2009 WL 3153148, at *2 (W.D.Mich., Sept. 29, 2009) ("The Rules Governing Section 2254 cases in the United States District Courts (Habeas Rules) do not contemplate motions for judgment on the pleadings. Although Rule 11 of those rules permits the Court to apply the Federal Rules of Civil Procedure when appropriate, the instant motion seeks no greater relief than that sought in the underlying petition. Because the Habeas Rules do not permit or contemplate the motion filed by petitioner, and it seeks essentially the same relief as the underlying habeas petition, the Court should deny the [motion] as

improvidently filed in a habeas action.") (quoting Jones v. Quarterman, No. 3:07–cv–1984, 2008 WL 4602720 (N.D.Tex. Oct.14, 2008)).

To the extent the Motion is construed as a Motion requesting an evidentiary hearing, it is DENIED. The Court denies the request for an evidentiary hearing because under the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), the availability of a hearing in federal court is extremely limited, and Petitioner has not met his burden to justify the holding of an evidentiary hearing in this Court. 28 U.S.C. § 2254(e)(2).

Petitioner's next motion is a Request for Default Judgment. ECF No. 23. Petitioner bases this request on the failure of the District Attorney's Office to comply with this Court's order to file a response to the Petitioner's Motion for Judgment on the Pleadings. Petitioner is correct that the District Attorney failed to file a response as ordered. However, the District Attorney's Office recently filed a Notice, ECF No. 25, explaining that the email address on file for the District Attorney's Office had essentially expired with the arrival of a new District Attorney. While this is an adequate explanation to excuse the failures of the District Attorney, it surprises the Court that there apparently was no protocol in place to address such a circumstance to assure that any emails sent to the expired email address would be accessed or forwarded or that a substitution of appearance was made in every case which had the expired email address for the former District Attorney.

In light of the explanation for the failure to respond as ordered, Plaintiff's Motion for Default is DENIED. Bleitner v. Welborn, 15 F.3d 652 (7th Cir. 1994) (entry of a default judgment in a habeas case is extremely disfavored); Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984) (even where a respondent's "disregard of the court's orders was inexcusable," a court

2

should reach the merits of a petitioner's claim).

Petitioner's final motion is a letter in which he "ask[s] this Honorable Court to grant the relief requested" in his prior Motion for Default, <u>i.e.</u>, ECF No. 23. ECF No. 31. Because Petitioner has not shown entitlement to a default judgment as explained above, Petitioner's renewed motion for sanctions is likewise DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

Date: May 14, 2013                                       /s/ Maureen P. Kelly
                                                                         MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE

cc:    The Honorable Kim R. Gibson
       United States District Judge

       RANDY ROSS LENHART
       JF-6684
       SCI Mahanoy
       301 Morea Road
       Frackville, PA 17932

       All counsel of record via CM/ECF